# EXHIBIT  1

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| **JOHN DOE 1** | ) | **CASE NUMBER** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **JUDGE** |
| **vs.** | ) | |
| | ) | |
| **CUYAHOGA COUNTY** | ) | |
| **COMMUNITY COLLEGE** | ) | |
| c/o General Counsel | ) | |
| 700 Carnegie Avenue | ) | |
| Cleveland, OH 44115 | ) | |
| | ) | **COMPLAINT** |
| **and** | ) | |
| | ) | **Trial by Jury Demanded** |
| **EMANUELA FRISCIONI** | ) | |
| 2543 N. Park Boulevard | ) | |
| Cleveland, OH 44106 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **AMBER SMITH** | ) | |
| C/O Lubrizol Corporation | ) | |
| 9911 Brecksville Rd. | ) | |
| Brecksville, OH 44141 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **PAUL COX** | ) | |
| 2146 Edgerton Road | ) | |
| University Hts., OH 44118 | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TERENCE GREENE** | ) | |
| 12405 York Boulevard | ) | |
| Garfield Heights, OH 44125 | ) | |
| | ) | |
| **and** | ) | |

**CHARLENE BROWN**     )
1929 Green Road, Apt. 313     )
Cleveland, OH 44121-1139     )
     )
    **and**     )
     )
**ANTONIO BROWN**     )
**CUYAHOGA COUNTY**     )
**COMMUNITY COLLEGE**     )
c/o General Counsel     )
700 Carnegie Avenue     )
Cleveland, OH 44115     )     )
     )
    **and**     )
     )
**PHILLIP WILLIAMS**     )
**CUYAHOGA COUNTY**     )
**COMMUNITY COLLEGE**     )
c/o General Counsel     )
700 Carnegie Avenue     )
Cleveland, OH 44115     )
     )
     **Defendants.**     )

## Introduction

Plaintiff John Doe files his Complaint pseudonymously because the prosecution of this lawsuit will compel Plaintiff to reveal information of the utmost intimacy arising out of teacher-student sexual assault detailed herein.

## Parties, Jurisdiction and Venue

1.    Plaintiff John Doe is a citizen of the State of Ohio and currently resides in Cuyahoga County, Ohio.

2.    Defendant Cuyahoga County Community College (hereinafter referred to as "Tri-C"), is a public educational institution with its various campuses located in Cuyahoga County,

Ohio. Tri-C was the recipient of federal financial assistance for the educational programs and activities it offered to students, including Plaintiff.

3.      Defendant Emanuela Friscioni was at all relevant times the director of the Creative-Performing Arts Academy at Defendant Tri-C. Furthermore, upon information and belief, Defendant Friscioni was the superior and supervisor of Defendant Terence Greene, as well as an individual responsible for hiring Terence Greene to work at Tri-C. Defendant Friscioni is sued in her individual and official capacity as an employee of Tri-C and was an individual responsible for hiring Terence Greene.

4.      Defendant Amber Smith was at all times relevant a Tri-C employee working for Tri-C as a Human Resources Representative. Defendant Smith is sued in her individual and official capacity as an employee of Tri-C and was an individual responsible for hiring Terence Greene.

5.      Defendant Paul Cox was at all times relevant the Dean of the Tri-C Creative Arts Department which included and operated the Tri-C Creative Arts Academy. Defendant Cox is sued in his individual and official capacity as an employee of Tri-C and was an individual responsible for hiring Terence Greene.

6.      Defendant Terence Greene was at all times relevant an employee and/or agent of Defendant Tri-C and served as, according to the Tri-C Website, "Academy Manager, Teacher and Choreographer" for the Tri-C Creative Arts Academy.

7.      Defendant Charlene Brown was at all times relevant an employee and/or agent of Defendant Tri-C and served as, according to the Tri-C Website, "Ballet Mistress Charlene Brown, Dance Etiquette Instructor" for the Tri-C Creative Arts Academy. Defendant Brown is sued in her individual and official capacity as an employee of Tri-C.

8. Defendant Antonio Brown was at all times relevant an employee and/or agent of Defendant Tri-C and served on the faculty of the Tri-C Creative Arts Academy. Defendant Brown is sued in his individual and official capacity as an employee of Tri-C.

9. Defendant Phillip Williams was at all times relevant an employee and/or agent of Defendant Tri-C and served on the faculty of the Tri-C Creative Arts Academy. Defendant Williams is sued in his individual and official capacity as an employee of Tri-C.

10. Plaintiff John Doe was at all relevant times a resident of Cuyahoga County, Ohio. At the time of the sexual assault described herein, he was 17 years old.

## General Allegations

11. Tri-C is a public community college with four campuses located in and around Cuyahoga County, Ohio. Its mission is "To provide high quality accessible and affordable educational opportunities and services – including university transfer, technical and life-long learning programs – that promote individual development and improve the overall quality of life in a multicultural community."

12. As part of its mission of "Life-long learning programs," Tri-C operated a Creative Arts Academy, teaching subjects including dance, to students ages 3 through 18 years old.

13. Tri-C has published a policy on discrimination and harassment which states in part, "the college is committed to eliminating discrimination and harassment in the workplace and academic environment. These commitments are moral imperatives consistent with an intellectual community that celebrates individual differences, diversity, and meaningful individual freedom to pursue professional and educational goals."

14. According to Tri-C, sexual harassment is not tolerated and is defined in Tri-C's sexual harassment policy as follows:

(3)    Sexual Harassment.

(a)    Unwelcomed sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature generally constitute unlawful sexual harassment when:

(i) submission to sexual conduct is an explicit or implicit term or condition of an individual's employment or of a student's status in a course, program or activity;

(ii) submission to or rejection of sexual conduct by an individual is used as the basis for any employment or academic decision affecting that individual; or

(iii) the sexual advances, requests for sexual favors, and/or verbal conduct of a sexual nature have the purpose or effect of substantially interfering with an individual's work or academic performance or create an intimidating, hostile or offensive working or learning environment.

15.    Beginning in approximately 1999, Defendant Terence Greene worked as the dance director at the Cleveland School of the Arts (hereinafter "CSA"), a charter school in the Cleveland Metropolitan School District (CMSD) teaching dance to students from 6th grade to 12th grade.

16.    In or about 2002, allegations surfaced from a CSA 14 year-old ninth grade student that Defendant Terence Greene had committed repeated sexual assaults against said student.

17.    In September 2003, Defendant Terence Greene was indicted by the Cuyahoga County Prosecutor on four counts of unlawful sexual conduct with a minor in violation of O.R.C. § 2907.04.

18.    At the time, the indictment was reported in an article in The Cleveland Plain Dealer.

19.    In June 2004, a bench trial was commenced.

20.    On July 1, 2004, Defendant Terence Greene was acquitted on all four counts of unlawful sex with a minor.  When the school year began the following month, Defendant Terence Greene had returned as a dance director at CSA, where he remained until 2014.

21.    On December 7, 2011, a 33-year old male filed a Cleveland Police Report alleging that his uncle, Defendant Terence Greene, beginning in April of 1985 when the victim was 7 years old, began repeatedly sexually assaulting him.

22.    The Cleveland Police report from the time states "named suspect Greene has engaged in numerous sexual acts (oral sex, anal sex, and groping (*sic*)) since the spring of 1985 till 12.05.11. Victim states that the first act occurred when he was 7 years old."

23.    No formal charges resulted from these allegations.

24.    In or about July 2014, two former CSA students came forward and made allegations of illegal, criminal sexual contact or assault with Defendant Terence Greene when he was their teacher at CSA.

25.    Upon information and belief, in August 2014, the CMSD notified the Cleveland Police Department of illegal conduct involving Defendant Terence Greene.

26.    On September 10, 2014, Greene was terminated from his position at CSA by the CSA administrators.

27.    On September 2, 2015, Defendant Terence Greene completed and submitted an application to work as a dance instructor at Defendant Tri-C. Greene's application misrepresented that his reason for leaving his prior job at CSA was "I started my own company and pursued other job opportunities."

28.    On September 22, 2015, Defendant Amber Smith requested a "basic package" background check on Defendant Terence Greene from a screening company called "Truescreen."

29.    The report generated by Truescreen and transmitted to Tri-C after completion on October 2, 2015, noted for Greene's departure from CSA which was highlighted on the Truescreen report with a red "X":

Reason for leaving: The subject was terminated.

Eligible for re-hire/contract: No. The subject had allegations with students.

Comment: Please note we have received a negative response from this company regarding the subject's reason for leaving and/or eligibility for re-hire.

30.     On October 8, 2015, seven (7) days after receiving the negative Truescreen background check, by way of a letter from Tri-C Human Resources representative, Defendant Amber Smith, Tri-C confirmed an offer of employment to Defendant Terence Greene for the "part-time position of Instructor Dance at Cuyahoga Community College. The effective date is October 12, 2015. . . this appointment is contingent upon the satisfactory completion of a background clearance and drug screen." The letter further stated, "You will be contacted by Emanuela Friscioni prior to your start date regarding your work schedule . . .".

31.     Greene accepted the offer.

32.     On February 21, 2017, in a letter from Defendant Amber Smith, Tri-C offered Defendant Terence Greene "the full-time position of **Program Manager Dance Mastery**. This appointment is contingent upon the satisfactory completion of a background clearance and drug screen." (Bold in original). The letter further stated "You will report to Emanuela Friscioni, Director Creative Arts Prep. Program.

33.     Greene accepted the offer.

34.     Defendant Greene continued to serve as the Program Manager for Tri-C until he was terminated on or about January 21, 2020, following additional allegations of criminal sexual conduct.

35.     While serving as the Program Manager for Tri-C, Defendant Greene also worked with Defendants Charlene Brown, Phillip Williams, and Antonio Brown.

36.     Upon information and belief, Defendants Charlene Brown, Phillip Williams and Antonio Brown were all fully aware of Greene's history of sexually harassing and sexually assaulting minor children, including students at Cleveland School of the Arts.

**Plaintiff John Doe Attends Tri-C**

37.     In or about 2015, Plaintiff John Doe, who was 13 or 14 years old, enrolled in the Tri-C Creative Arts Academy as a dance student. The Dance Program at Tri-C was a daily, after-school program that ran from 4:30 p.m. to 9:00 p.m. on weekdays.

38.     From 2015 until 2018, Plaintiff John Doe was a student in the "beginner" class and during that time, Defendant Terence Greene was not his primary dance instructor.

39.     In or about 2018, Plaintiff John Doe was promoted to the "intermediate" dance level, where Defendant Terence Greene became Plaintiff's primary modern dance instructor.

40.     The cost to enroll in the Tri-C Creative Arts Academy was $500.00 per semester.

41.     On October 17, 2019, following an evening rehearsal for an upcoming show in Philadelphia, Defendant Terence Greene and another Tri-C dance faculty member, Charlene Brown, took several dance students for pizza at a restaurant on Euclid Avenue in Cleveland, Ohio.

42.     On the way to the restaurant, Defendant Terence Greene drove Defendant Charlene Brown's vehicle and Plaintiff John Doe rode in the back seat. Defendant Charlene Brown was also a passenger in her own vehicle.

43.     Following dinner at the restaurant, again Defendant Greene drove Brown's vehicle back to Tri-C where Greene's own car was parked, and Greene and Plaintiff got into Greene's car. Charlene Brown drove her own car away. Plaintiff understood that Greene would drive Plaintiff

8

home.  During the ride from Tri-C to take Plaintiff home, Greene told Plaintiff he was going to take him to Greene's house to teach him a gospel dance.

44.    Upon arrival at Greene's house, John Doe was told to go down to Greene's basement to his "dance studio" and take off his outer clothes, so he was wearing only his dance tights and a T-shirt.

45.    Greene's basement did not have a dance studio, it had only a couch and a television set.

46.    Greene directed Plaintiff to sit on the couch and Greene sat next to him.  Defendant Terence Greene is 6 feet tall and weighed approximately 205 pounds.  Plaintiff weighed 150 pounds.  Terence Greene was 53 and Plaintiff was 17 years old.

47.    While seated next to each other on the couch, Greene began rubbing Plaintiff's legs. Plaintiff told Greene he was uncomfortable.  Ignoring Plaintiff's protestations, Greene pulled Plaintiff's tights down and began to perform oral sex on Plaintiff.

48.    After that, Greene sodomized Plaintiff.  Greene was not wearing a condom.

49.    Upon information and belief, Greene was infected with the HIV virus at all times mentioned herein.

50.    All sexual acts of Greene were performed without the express or implied consent of Plaintiff and were done against Plaintiff's will, and while Plaintiff was below the legal age of consent.

51.    Greene directed Plaintiff not to tell anyone what had happened.

52.    Afterwards, Greene drove Plaintiff home in silence.

53.    Within days, Plaintiff quit dancing and quit the Tri-C program entirely.

9

54.     In January 2020, Plaintiff reported the sexual assault to his personal confidant and former high school advisor.

55.     The advisor reported the assault to Cuyahoga County Child Protective Services, as well as Plaintiff's mother, who on January 11, 2020, made a report to the Garfield Heights Police Department.

56.     On or about January 22, 2020, Tri-C terminated their employment of Defendant Terence Greene because of Plaintiff's allegations and according to Tri-C documents, because of the results of Greene's 2015 background check.

57.     As a direct and proximate result of the actions and/or inactions of Tri-C and its administrators and staff, including Defendant Emanuela Friscioni, Defendant Amber Smith, Defendant Paul Cox, Defendant Charlene Brown, Defendant Antonio Brown, and Defendant Phillip Williams, Tri-C hired and continued to employ Terence Greene, who had a 13-year history of allegations of sexual assault against students and who was terminated by his previous employer for similar allegations from students.

58.     All of Defendants' actions described herein are violative of Plaintiff's constitutional rights under Title IX of the Education Amendments of 1972 and under the 14th Amendment of the United States Constitution, pursuant to 42 U.S.C. Section 1983.

### FIRST CAUSE OF ACTION
#### Violation under Title IX, 20 U.S.C. §1681(a) *et seq.*
#### Defendants Tri-C, Friscioni, Smith and Cox

59.     Plaintiff incorporates and reavers all of the allegations contained in Paragraphs 1 through 58 as if the same were fully rewritten herein.

60.     Plaintiff brings this Civil Rights lawsuit under Title IX of the Education Amendments of 1972, 20 U.S.C. Section 1681, *et seq.*, because Defendant Tri-C and current and

former administrators and employers of Tri-C had actual and constructive notice of Defendant Greene's history of sexual allegations by students, and were deliberately indifferent to the fact that their own Dance Program Manager, Defendant Terence Greene, had been terminated from his previous job teaching minor children because of allegations with students, and that he was not eligible for re-hire from his former employer.

61.    In spite of the knowledge and information which was in writing and delivered to Tri-C at Tri-C's request, Defendant Tri-C failed to investigate Defendant Greene, failed to contact Greene's former employer that terminated him and failed to inquire with Defendant Greene about these very serious facts and allegations. Defendant Tri-C failed to take any actions whatsoever to investigate these known allegations against Greene prior to hiring him and prior to re-hiring him throughout his tenure at Tri-C.

62.    Prior to his hiring, Terence Greene completed an application of employment for Defendant Tri-C. In that application, Defendant Greene falsely indicated that the reason for leaving his previous employment at CSA was "I started my own company and pursued other job opportunities." Defendant Tri-C's background check revealed that Greene was terminated for "allegations with students." Unequivocally, Defendant Terence Greene was not truthful on his job application, but Defendant Tri-C failed to investigate or follow-up with this obvious contradiction and cover-up by Greene of the real reason he was previously terminated. Defendant's conduct amounted to deliberate indifference.

63.    The administrators of Tri-C and Defendants Emanuela Friscioni, Amber Smith, and Paul Cox, failed to conduct a Title IX investigation of the allegations raised in Greene's background check and the obvious contradiction between the information in Greene's job application and the background check.

64.    All of the sexual abuse suffered by Plaintiff John Doe occurred after the Defendants' failure to conduct the requisite Title IX investigation.

65.    The sex-based harassment suffered by Plaintiff was severe, pervasive and objectively offensive.

66.    All acts or omissions alleged herein and attributable to Defendant Tri-C or its staff, faculty, or administrators, are done in the course and scope of their employment or in the furtherance of the interests of Defendant Tri-C, as well as in their individual capacities.

67.    Defendants Tri-C, Emanuela Friscioni, Amber Smith, and Paul Cox failed to investigate Defendant Greene's background once Defendants had actual notice of the allegations made against Terence Greene by students from his former employer, Cleveland Board of Education and Cleveland School of the Arts.

68.    Following Defendant Tri-C's receipt of the Truescreen background report, on October 8, 2015, Defendant Amber Smith sent a letter from Tri-C to Terence Greene, advising him that he would be hired "upon successful completion of a background clearance and drug screen." Defendant Terence Greene did not have a "successful completion" of his background check. Defendant Terence Greene did not undergo a drug screen. Nevertheless, and in violation of its own policies, as well as Title IX of the Educational Amendments of 1972, 20 U.S.C. 1681 *et seq.*, Defendant Terence Greene was hired, promoted, and placed in charge of dozens of minor children at Defendant Tri-C's Creative Arts Academy.

69.    Defendant Terence Greene was hired in 2015 to serve as a dance instructor and promoted in 2017 to serve as Program Manager, Dance Mastery and virtually every dance student at the Defendant Tri-C's Creative Arts Academy who advanced beyond the "beginner" level of dance, was required to receive dance instruction from Defendant Greene. Defendant Greene's

position of authority over minor dance students including Plaintiff, allowed Defendant Greene to manipulate Plaintiff to engage in sexual activity with him. After the sexual assault suffered by Plaintiff, he was still required to receive dance instruction from Defendant Terence Greene. In Plaintiff's case, he chose to leave the school, rather than continue to face his abuser on a daily basis.

70. Defendant Greene's *modus operandi* with Plaintiff was similar to that from Defendant Greene's many previous victims. As his dance instructor, he gained Plaintiff's trust by building a mentor-mentee relationship, whereby Defendant Greene would inject himself into his victim's lives and make it known that he could assist with their education and professional careers as dancers and in the arts. Many of Defendant Greene's victims had difficult home lives, including Plaintiff, and Defendant Greene would "groom" the student by manipulating the student to view him as a father figure. Then, using this position of trust and his reputation, he would begin a sexual relationship with his minor student victims.

71. Plaintiff John Doe expected Defendant Tri-C to provide him with a safe and supportive environment that would nurture his artistic talents and teach skills that would allow him to advance and succeed in the arts.

72. Plaintiff believed that Defendants Tri-C, Emanuela Friscioni, Amber Smith, and Paul Cox would make student safety a primary concern and number one objective of Defendant Tri-C.

73. In the dance world, dance instructors hold a close, special relationship and confidence with their students, especially younger student.

74. Plaintiff and his family trusted Defendants Tri-C, Emanuela Friscioni, Amber Smith, and Paul Cox to hire teachers and faculty members who would respect and honor the

relationship of trust between teacher and student. Plaintiff trusted Defendant Tri-C to act in his best interests when selecting and hiring teachers and faculty to instruct, teach and supervise students.

75. Plaintiff trusted that Defendants Tri-C, Emanuela Friscioni, Amber Smith, and Paul Cox would comply with all applicable laws, regulations, Tri-C policies and requirements related to keeping students safe, especially from child sexual predators such as Defendant Greene.

76. Defendant Tri-C failed to comply with its own policies and procedures incorporating the Ohio Administrative Code at 3354:1-44-01 which states in pertinent part:

> (A)(1) The College is committed to providing a safe environment for all students . . . The background check process is intended to assist human resources and hiring managers . . . in the evaluation of whether a candidate is suitable for a position. As such, the College will conduct pre-employment background checks for all final applicants selected for employment.
>
> (2) This policy shall apply, without limitation for all individuals selected during the hiring process . . .
>
> (B) Conducting background checks.
>
>          * * * *
>
> (3) Information obtained from the criminal background check will be used as part of the employment process . . .

77. Defendant Tri-C failed to comply with its own policies and procedures incorporating the Ohio Administrative Code at 3354:1-44-01.1 which states in pertinent part:

> (D)(1) Human Resources will assess the information contained within a background check using the following principles:
>
>          * * * *

(c)    If a background check reveals negative information, Human Resources will consult with the hiring manager and/or search committee to determine if the negative information is sufficiently serious to terminate the hiring process.

78.    Plaintiff trusted that Defendants Tri-C, Emanuela Friscioni, Amber Smith, and Paul Cox would faithfully, honestly, and diligently follow its own policies and investigate all the circumstances that indicated a teacher or instructor was dangerous or unfit to teach due to sexual predatory behavior, or some other reason.

79.    Plaintiff trusted that Defendants Tri-C, Emanuela Friscioni, Amber Smith, and Paul Cox would not ignore, hide, disregard, or fail to disclose circumstances that raised a substantial likelihood that other students, including but not limited to Plaintiff, would be assaulted, harassed, abused, and preyed upon by Defendant Greene, or anyone else.

80.    Plaintiff expected Defendants Tri-C, Emanuela Friscioni, Amber Smith, and Paul Cox to investigate reports of Defendant Terence Greene's history of predatory conduct and act appropriately and in accordance with the law, regardless of the affect it may have on Defendant Tri-C's reputation or its dance program.

81.    Defendant Tri-C betrayed Plaintiff's trust and completely failed to meet the legal and ethical obligation it owed to all of its students, including Plaintiff John Doe.  Defendant's conduct was deliberate indifference.

82.    At all times relevant, administrators at Defendant Tri-C, including Defendants Emanuela Friscioni, Amber Smith, and Paul Cox with authority to impose corrective measures failed to do so and concealed, failed to disclose, and exhibited deliberate indifference toward Plaintiff and toward circumstances that impacted Defendant Greene.

15

83.     Upon information and belief, Defendant Tri-C and its personnel failed to implement corrective measures, despite having knowledge of a substantial likelihood that Defendant Greene had a history of abusing students and was likely to continue that history at Tri-C. Such Tri-C personnel include, but are not limited to Defendants Emanuela Friscioni, Amber Smith, and Paul Cox.

84.     The aforementioned failings of all Defendants proximately resulted in threats to the safety of Plaintiff John Doe and allowed that threat to continue throughout Defendant Terence Greene's tenure at Tri-C.

85.     On June 26, 2020, counsel for Plaintiff John Doe made a Public Records Request to Defendant Tri-C for various records relating to the hiring, tenure and termination of Defendant Terence Greene at Tri-C.

86.     Documents produced in response to counsel's Public Records Request include various unidentified cryptic notes relating to circumstances of Terence Greene's termination from Tri-C. From the content of the records produced, it is impossible to piece together the author of some of the records and the identity of all persons referred to in the records, all of whom were involved in the termination of Terence Greene. Additionally, many of the identities of individuals in the records are redacted, making it impossible to fully understand the circumstances surrounding Terence Greene's hiring and termination from Tri-C at this time.

87.     During the initial meeting between Defendant Paul Cox and Defendant Terence Greene after Greene had been hired by Tri-C, based on the records produced, Defendant Cox told Terence Greene to "keep it professional" in a clear reference to Greene's previous unprofessional conduct at CSA and as described herein.

88.     Defendant Paul Cox, Emanuela Friscioni, and Amber Smith had actual knowledge of the sexual allegations against Greene that arose when Greene was employed by the Cleveland School of the Arts.

89.     On or around January 21, 2020, in an undated email excerpt or memorandum where the author is not identified, a Tri-C employee and/or administrator wrote, close to the time of Greene's termination, "However, College had things brought to our attention also which caused us to take a **look back at the background check** that was performed in **October, 2015**. As a result of this review, the College has made the decision to **separate you** from the College. We are not going to discuss what the matters are that were brought to our attention." (Bold in original).

90.     Defendant Tri-C created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1981, *et seq.* because:

        a.     Plaintiff was a member of a protected class;

        b.     He was subjected to sexual harassment and/or discrimination in the form of sexual abuse and rape by his teacher, Terence Greene;

        c.     He was subjected to harassment and/or discrimination on the basis of his sex;

        d.     He was subjected to a hostile educational environment created by Defendant Tri-C's lack of policies and procedures and failure to properly investigate Terence Greene; and

        e.     He was treated, upon information and belief, differently from the way he would have been treated and had he been female.

91.     Defendant Tri-C and Defendants Emanuela Friscioni, Amber Smith, and Paul Cox, and others with knowledge, had the power, authority, and duty to take immediate, effective

remedial action to prevent Plaintiff from suffering the sex-based harassment and sexual abuse alleged herein.

92.     Defendant Tri-C and Defendants Emanuela Friscioni, Amber Smith, and Paul Cox acted with deliberate indifference toward Plaintiff's rights to a safe and secure educational environment, thus materially impairing his ability to pursue his education at Tri-C in violation of the requirements of Title IX.

93.     As a direct and proximate result of the actions and omissions of Defendant Tri-C and Defendants Emanuela Friscioni, Amber Smith, and Paul Cox, and the attendant harassing educational environment fostered by Defendants, Plaintiff was sexually harassed, molested, raped, and traumatized and caused to suffer mental pain and suffering, psychological injuries, and a diminution in his capacity for the enjoyment of life.

94.     As a direct and proximate result of Defendant Tri-C's conduct and the resulting hostile educational environment, Plaintiff has further been deprived of his education and damaged by missed educational opportunities.

95.     As a direct and proximate result of this misconduct and deliberate indifference by Defendants, Plaintiff has sustained substantial injuries, damages, harms, and losses. Accordingly, Plaintiff is entitled to recover compensatory and other damages in an amount to be determined by a jury, in addition to expenses and attorney's fees that may be awarded by the Court.

## SECOND CAUSE OF ACTION
### Violation of 42 U.S.C. §§1983 (All Defendants)

96.     Plaintiff incorporates and reavers all of the allegations contained in Paragraphs 1 through 95 as if the same were fully rewritten herein.

97.     Defendants Paul Cox, Emanuela Friscioni, Amber Smith, Charlene Brown, Antonio Brown, Phillip Williams and Terence Greene at all times acted under color of state law.

98.     Prior to Plaintiff's abuse by Terence Greene, Defendants Paul Cox, Emanuela Friscioni, Amber Smith, Charlene Brown, Antonio Brown, and Phillip Williams knew that Plaintiff was at a severe risk of harm of being sexually abused by Greene

99.     While Plaintiff was being sexually abused, assaulted, and raped by Greene, Defendants were aware of the abuse.

100.     Defendants all turned a blind eye to complaints of sexual harassment, sexual grooming, sexual abuse, and sexual misconduct, ignored complaints, failed to respond to allegations of misconduct, and acted with deliberate indifference to the rights of Plaintiff

101.     Plaintiff was deprived of his constitutional rights of personal security, bodily integrity, liberty and equal protection interests under the Fourteenth Amendment.

102.     The conduct of Defendants fostered a climate to flourish where Plaintiff was left vulnerable to and actually was subject to sexual abuse, sexual discrimination, and sexual grooming by Green, an agent, servant, volunteer, and/or employee of Defendant Tri-C.

103.     The conduct of Defendants was arbitrary and offensive, shocking the conscience and interfering with Plaintiff's rights and liberties granted by the Constitution and protected by law.

104.     42 U.S.C. §1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. §1988 identifies damages, court costs, litigation expenses and attorneys' fees as within the remedies available in an action brought pursuant to 42 U.S.C. §1983.

105.     As a direct and proximate result of the conduct of Defendants, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depressions, post-traumatic stress disorder, fatigue, social anxiety, anger, panic attacks, and as a result has and will continue to experience physical and mental pain

and suffering, emotional distress, loss of a normal life, medical and counseling expenses, and lost earnings and wages.

106.    The conduct of Defendants constitutes a violation of trust or confidence, showing complete indifference to and/or conscious disregard for the safety and well-being of Plaintiff.

107.    Justice and public good requires an award of punitive or exemplary damages in such sum which will serve to punish Defendants and to deter like conduct.

108.    As a direct and proximate result of the conduct described herein the Plaintiff was permanently physically and emotionally damages as described herein.

109.    At the time of the filing of the instant Complaint, Plaintiff John Doe is 19 years old.

### THIRD CAUSE OF ACTION
### 42 U.S.C. §1983 - Monell Liability – Tri-C

110.    Plaintiff incorporates and reavers all of the allegations contained in Paragraphs 1 through 109 as if the same were fully rewritten herein.

111.    Defendant Tri-C established, through both action and inaction, widespread policies, practices, and customs of allowing sexual harassment, sexual grooming, sexual abuse, and sexual misconduct to continue to occur without corrective action.

112.    Such policies, practices, and customs include but are not limited to: (a) failing to report adult-on-student sexual harassment, sexual grooming, sexual abuse, sexual discrimination, sexual assault, and rape to appropriate authorities; (b) failing to cure or even attempt to cure obvious known risks to Plaintiff at Cuyahoga Community College; (c) failing to communicate any precautions, directives, or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Terence Greene; and (d) allowing Terence Greene to have unsupervised

contact with Plaintiff without conducting, documenting, and concluding a competent investigation into the allegations and specific facts brought to light prior to that time.

113. Defendant Tri-C established such policies, practices, and customs which fostered a climate facilitating the sexual abuse of Plaintiff by Terence Greene and evidenced a reckless disregard and/or a deliberate indifference to the consequences that such action or inaction may, and did, have on Plaintiff.

114. Defendants Tri-C, Cox, Smith and Friscioni had final policymaking authority of the schools and exercised that granted authority in making decisions that perpetrated and/or allowed the sexual abuse of Plaintiff by Terence Greene and caused Plaintiff's harm to occur and/or continue.

115. Defendant Tri-C violated Plaintiff's Constitutional rights by failing to properly train and supervise its employees as to these mandated investigative requirements.

116. Defendant Tri-C violated Plaintiff's Constitutional rights by ratifying the conduct of Defendant Greene, and Defendants Charlene Brown, Antonio Brown, and Phillip Williams, and Defendants Smith, Friscioni and Cox as described herein.

117. Plaintiff was deprived of his constitutional rights of personal security, bodily integrity, liberty and equal protection under the Fourteenth Amendment by Defendants promotion of policies, customs, or practices that fostered a climate to flourish where Plaintiff was left vulnerable to and actually was subjected to sexual abuse and sexual assault by Terence Greene, an agent, servant, volunteer, and/or employee of Defendant Tri-C.

118. Terence Greene's illegal and unconstitutional conduct was known, approved, and ratified by Defendants who then failed to conduct a meaningful and adequate investigation into Greene's illegal conduct

119.    Defendant Tri-C's conduct was arbitrary and offensive, shocking the conscience and interfering with Plaintiff's rights and liberties protected by the Constitution and protected by law.

120.    The conduct of Defendant Tri-C constituted a violation of trust or confidence, showing complete indifference to and/or conscious disregard for the safety and well-being of Plaintiff.

121.    Justice and public good requires an award of punitive or exemplary damages in such sum which will serve to punish Tri-C and to deter like conduct.

122.    As a direct and proximate cause of the conduct illustrated herein, the Plaintiff was permanently damaged physically and emotionally as described herein.

### FOURTH CAUSE OF ACTION
**Criminal Act – Terence Greene**

123.    Plaintiff incorporates and reavers all of the allegations contained in Paragraphs 1 through 122 as if the same were fully rewritten herein.

124.    Defendant Terence Greene's conduct described herein constitutes multiple crimes against Doe for which he has been indicted.

125.    As a direct and proximate result of Defendant Greene's conduct described herein, Doe has suffered the injuries, harms and losses described above and will continue to suffer from such injuries in the future.

126.    Doe is therefore entitled to a civil remedy in the form of damages arising from Defendant Greene's crimes pursuant to R.C. 2307.60

## FIFTH CAUSE OF ACTION
### Violations of R.C. 2151.421 – Charlene Brown, Antonio Brown, Phillip Williams

127.    Plaintiff incorporates and reavers all of the allegations contained in Paragraphs 1 through 126 as if the same were fully rewritten herein.

128.    Defendants Charlene Brown, Antonio Brown, and Phillip Williams in their individual and official capacities on behalf of Defendant Tri-C, had a non-delegable duty under R.C. 2151.421, as among other things, school teachers, to report to their knowledge or reasonable cause to suspect that a child under eighteen years of age, has suffered or faces a threat of suffering from abuse or neglect to the public children services agency in Cuyahoga County.

129.    Upon information and belief, Defendants Charlene Brown, Antonio Brown, and Phillip Williams all had individual, specific knowledge of Defendant Terence Greene's past sexual assaults of minor children, and thus had knowledge or reasonable cause to suspect that children under his care as a teacher would face substantial threat of suffering from future abuse.

130.    None of Defendants Charlene Brown, Antonio Brown, nor Phillip Williams made any report to any public children services agency as required by statute.

131.    These Defendants, Charlene Brown, Antonio Brown and Phillip Williams, in their individual and official capacities, acted recklessly and with an extreme lack of oversight and wantonness in not undertaking any investigation or taking any action whatsoever, in response to their knowledge and/or reasonable cause to suspect that Defendant Greene posed a substantial threat to minor children, including Plaintiff.

132.    Because these Defendants, Charlene Brown, Antonio Brown and Phillip Wiliams, in their individual and official capacities, intentionally, recklessly, willfully and wantonly breached their non-delegable duties under R.C. 2151.421, these defendants are not entitled to immunity.

133.    As a direct and proximate result of the intentional, reckless, willful, and wanton violations of R.C. 2151.421 by Defendants Charlene Brown, Antonio Brown, Phillip Williams, and Tri-C, Plaintiff suffered severe physical pain, mental anguish, extreme emotional distress, and loss of enjoyment of life.

### SIXTH CAUSE OF ACTION
**Negligence/Reckless Conduct – Charlene Brown, Antonio Brown, Phillip Williams**

134.    Plaintiff incorporates and reavers all of the allegations contained in Paragraphs 1 through 133 as if the same were fully rewritten herein.

135.    As Plaintiff's teacher, Defendants Charlene Brown, Antonio Brown and Phillip Williams owed a duty to care for, protect and oversee the safety of Plaintiff.

136.    As recited herein, Defendants Charlene Brown, Antonio Brown, and Phillip Williams, intentionally, recklessly, willfully and wantonly breached that duty by ignoring or assisting to conceal the substantial risk of harm that Defendant Greene posed to all students at Tri-C, including Plaintiff.

137.    As a direct and proximate cause of the conduct alleged herein, Plaintiff was permanently damaged physically and emotionally as previously described.

### SEVENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress – Charlene Brown,
Antonio Brown, Phillip Williams, Terence Greene**

138.    Plaintiff incorporates and reavers all of the allegations contained in Paragraphs 1 through 137 as if the same were fully rewritten herein.

139.    Defendants Charlene Brown, Antonio Brown, Phillip Williams and Terence Green conduct described herein was extreme and outrageous and intended to cause Plaintiff harm.

140.    Said conduct intentionally or recklessly caused serious emotional distress to Plaintiff.

Electronically Filed 05/09/2022 16:47 / / CV 22 963208 / Confirmation Nbr. 2545924 / CLJSZ

141.  Said conduct was the proximate cause of Plaintiff's serious emotional distress.

142.  As a direct and proximate cause of said conduct, Plaintiff was permanently damaged physically and emotionally as described herein.

WHEREFORE, for all Causes of Action, Plaintiff prays for judgment for compensatory damages against Defendants in an amount in excess of twenty-five thousand and 00/100 dollars ($25,000.00) that will fully and fairly compensate Plaintiff for the injuries and damages as alleged herein.  Additionally, because of the wanton, reckless and intentional behavior described herein, Plaintiff prays for punitive damages for any cause of action where punitive damages are appropriate so as to punish and make an example of all Defendants in a sum to be determined by a jury.

## JURY DEMAND

A trial by jury is hereby requested in the maximum number allowed by law at the time of trial of the within action.

Respectfully submitted,

/s/ Ryan H. Fisher

**RYAN H. FISHER (#0043799)**
**MEGHAN P. CONNOLLY (#0089682)**
**KYLE B. MELLING (#0091208)**
Lowe Scott Fisher Co., LPA
1660 West Second Street
610 Skylight Office Tower
Cleveland, OH 44113-1454
(216) 781-2600 (Telephone)
(216) 781-2610 (Facsimile)
rfisher@lsflaw.com
mconnolly@lsflaw.com
kmelling@lsflaw.com
Attorneys for Plaintiffs

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>JOHN DOE 1</u>
**Plaintiff**

V.

<u>CUYAHOGA COUNTY COMMUNITY COLLEGE,</u>
<u>ET AL</u>
**Defendant**

**CASE NO.** CV22963208

**JUDGE** ANDREW J. SANTOLI

# SUMMONS  SUMC  CM

Notice ID: 47522861

| From: | JOHN DOE 1 | P1 |
|---|---|---|

| Atty.: | MEGHAN P. CONNOLLY<br>610 SKYLIGHT OFFICE TOWER<br>1660 WEST SECOND STREET<br>CLEVELAND, OH 44113-0000 |
|---|---|

| To: | CUYAHOGA COUNTY COMMUNITY<br>COLLEGE<br>C/O GENERAL COUNSEL<br>700 CARNEGIE AVENUE<br>CLEVELAND OH 44115 | D1 |
|---|---|---|

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By_____
**Deputy**

**Date Sent:** <u>05/11/2022</u>

CMSN130



**UNITED STATES POSTAL SERVICE**

Date Produced: 05/23/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546 6514 00. Our records indicate that this item was delivered on 05/16/2022 at 09:35 a.m. in CLEVELAND, OH 44101. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number    Case  CV22963208
Sent To: 700 CARNEGIE AVENUE  CLEVELAND, OH 44115

### THE COURT OF COMMON PLEAS, CIVIL DIVISION
### CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>JOHN DOE 1</u>
**Plaintiff**

V.

<u>CUYAHOGA COUNTY COMMUNITY COLLEGE,</u>
<u>ET AL</u>
**Defendant**

**CASE NO.** CV22963208

**JUDGE** ANDREW J. SANTOLI

# SUMMONS    SUMC  CM

**Notice ID:** 47522862

| From: | JOHN DOE 1 | P1 |
| --- | --- | --- |

| Atty.: | MEGHAN P. CONNOLLY<br>610 SKYLIGHT OFFICE TOWER<br>1660 WEST SECOND STREET<br>CLEVELAND, OH 44113-0000 |
| --- | --- |

| To: | EMANUELA FRISCIONI<br>2543 N. PARK BOULEVARD<br>CLEVELAND OH 44106 | D2 |
| --- | --- | --- |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>05/11/2022</u>

By_____
**Deputy**

CMSN130



**UNITED STATES POSTAL SERVICE**®

Date Produced: 05/16/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546 6514 24. Our records indicate that this item was delivered on 05/14/2022 at 01:13 p.m. in CLEVELAND, OH 44106. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

JOHN DOE 1
**Plaintiff**

V.

CUYAHOGA COUNTY COMMUNITY COLLEGE, ET AL
**Defendant**

**CASE NO.** CV22963208

**JUDGE** ANDREW J. SANTOLI

# SUMMONS  SUMC  CM

**Notice ID:** 47661874

| From: | JOHN DOE 1 | P1 |
|---|---|---|

| Atty.: | MEGHAN P. CONNOLLY |
|---|---|
| | 610 SKYLIGHT OFFICE TOWER |
| | 1660 WEST SECOND STREET |
| | CLEVELAND, OH 44113-0000 |

| To: | PAUL COX | D4 |
|---|---|---|
| | 2176 EDGERTON ROAD | |
| | UNIVERSITY HEIGHTS OH 44118-0000 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 05/26/2022

By_____
*Brenda M. Shipe*
**Deputy**

CMSN130

**UNITED STATES**
**POSTAL SERVICE**®

Date Produced: 06/06/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546
7169 87. Our records indicate that this item was delivered on 06/01/2022 at 01:12 p.m. in CLEVELAND,
OH 44118. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :       **2176 EDGERTON RD**
                             **UNIVERSITY HEIGHTS, OH**
                             **44118**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.