## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JOHN DOE 1,** | ) | |
| | ) | **CASE NO. 1:22-cv-01287-CAB** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **SENIOR JUDGE** |
| **CUYAHOGA COUNTY COMMUNITY** | ) | **CHRISTOPHER A. BOYKO** |
| **COLLEGE, EMANUELA FRISCIONI,** | ) | |
| **AMBER SMITH, PAUL COX,** | ) | |
| **TERENCE GREENE, CHARLENE** | ) | |
| **BROWN, ANTONIO BROWN, and** | ) | |
| **PHILLIP WILLIAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS CUYAHOGA COMMUNITY COLLEGE, EMANUELA FRISCIONI, AMBER SMITH, PAUL COX, CHARLENE BROWN, AND PHILLIP WILLIAMS' REPLY BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

LAW AND ARGUMENT ................................................................................................... 2

I.    Plaintiff's Title IX Claim (Count I) Fails as a Matter of Law Under Both the Deliberate
Indifference and Hostile Environment Theories of Liability. ............................................. 2

    A.  The Complaint does not plausibly allege facts to satisfy the actual notice or deliberate
indifference requirements of his claim. ................................................................................ 2

        1.  Tri-C did not have actual knowledge of discrimination within its program until
days before it terminated Greene's employment. ......................................................... 3

        2.  Tri-C cannot be liable based on its decision to hire Greene. .................................. 4

    B.  The Complaint does not plausibly allege facts to satisfy the requirements of a hostile
environment claim. ............................................................................................................. 8

II.   Plaintiff's Section 1983 Claim Against Tri-C Fails Because, Among Other Reasons, It
Does Not Contain Facts that Plausibly Allege Doe's Sexual Abuse Resulted from an
Official Custom or Policy Within Tri-C (Count III). ........................................................... 9

III.  Plaintiff's Section 1983 Claims Against the Individual Defendants in Their Individual
Capacities Should Also Be Dismissed (Count II). ............................................................. 11

    A.  The Complaint fails to state a Section 1983 claim against any of the Individual
Defendants. ....................................................................................................................... 11

    B.  The Individual Defendants are also entitled to qualified immunity so that the Section
1983 claim against them fails for this independent reason. ............................................... 12

IV.  Charlene Brown and Phillip Williams Are Immune From Liability on Plaintiff's Claims
for Violations of Ohio R.C. § 2151.421 (Count V), Negligence/Reckless Conduct (Count
VI), and Intentional Infliction of Emotional Distress (Count VII). ................................... 14

V.   Plaintiff's R.C. § 2151.421 Claim (Count V) Should Also Be Dismissed Against Brown
and Williams For Failure to State a Claim. ....................................................................... 15

VI.  Plaintiff Did Not Specifically Defend the Merit of His Negligence Claim (Count VI),
Which Should Also be Dismissed for Failure to State a Claim. ........................................ 16

VII. Plaintiff's IIED Claim (Count VII) Should Also Be Dismissed Against Brown and
Williams for Failure to State a Claim. .............................................................................. 17

CONCLUSION ................................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Massillon*,
    134 Ohio St.3d 380, 983 N.E.2d 266 (2012) ..........................................................................15

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..................................................................................................................15

*Blue v. Dist. of Columbia*,
    811 F.3d 14 (D.C. Cir. 2015) .................................................................................................5, 7

*Stiles ex rel. D.S. v. Grainger Cnty.*,
    819 F.3d 834 (6th Cir. 2016) .................................................................................................6, 9

*Doe I v. Cleveland Metro. Sch. Dist. Bd. of Ed.*,
    533 F. Supp. 3d 567 (N.D. Ohio 2021).....................................................................................17

*Doe ex rel. Doe v. City of Roseville*,
    296 F.3d 431 (6th Cir. 2002) ...................................................................................................13

*Doe v. Claiborne Cnty.*,
    103 F.3d 495 (6th Cir. 1996) ...............................................................................5, 6, 12, 13, 14

*Doe v. School Bd. of Broward Cnty., Fla.*,
    604 F.3d 1248 (11th Cir. 2010) .................................................................................................7

*Doe v. Taylor Indep. Sch. Dist.*,
    15 F.3d 443 (5th Cir. 1994) ......................................................................................................13

*Emily O. v. Regents of the Univ. of Cal.*,
    No. CV-20-08I59-AB-JEM, 2021 WL 1535539 (C.D. Cal. Mar. 9, 2021)...........................6, 7

*Escue v. Northern OK Coll.*,
    450 F.3d 1146 (10th Cir. 2006) .................................................................................................7

*Frederico v. Home Depot*,
    507 F.3d 188 (3d Cir. 2007).................................................................................................5, 15

*Gebser v. Lago Vista Indep. Sch. Dist.*,
    524 U.S. 274 (1998)...............................................................................................................2, 3

*Gen. Elec. Co. v. S&S Sales Co.*,
    No. 1:11CV00837, 2012 WL 2921566 (N.D. Ohio July 17, 2012)...........................................5

*Grech v. Clayton Cnty, Ga.*,
335 F.3d 1326 (11th Cir. 2003) ........................................................10

*Kollaritsch v. Michigan State Univ. Bd. of Trs.*,
944 F.3d 613 (6th Cir. 2019) ...................................................12, 13, 14

*Mallory v. Ohio Univ.*,
76 Fed.Appx. 634 (6th Cir. 2003) ....................................................14

*Massey v. Akron City Bd. of Educ.*,
82 F. Supp. 2d 735 (N.D. Ohio 2000) .................................................6

*McCoy v. Bd. of Educ., Columbus City Schools*,
515 Fed.Appx. 387 (6th Cir. 2013) .....................................................9

*Rabidue v. Osceola Ref. Co.*,
805 F.2d 611 (6th Cir. 1986) ..............................................................8

*S.W. v. Clayton Cnty. Pub. Schs.*,
185 F. Supp. 3d 1366 (N.D. Ga. 2016) .............................................5, 7

*Savoie v. Martin*,
673 F.3d 488 (6th Cir. 2012) ............................................................11

*Smith v. General Motors, LLC*,
988 F.3d 873 (6th Cir. 2021) .........................................................8, 16

*Thomas v. Meharry Med. Coll.*,
1 F. Supp. 3d 816 (M.D. Tenn. 2014) ..................................................8

*Wamer v. Univ. of Toledo*,
27 F.4th 461 (6th Cir. 2022) ..............................................................2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ...................................12, 13, 17

**Statutes**

Ohio R.C. § 2151.421 ...................................................................15, 16

Ohio R.C. § 124.14 ...........................................................................9

## INTRODUCTION

Plaintiff's Complaint makes clear that when Cuyahoga Community College ("Tri-C") received notice that Terence Greene, one of its teachers, allegedly sexually abused Plaintiff, Tri-C acted decisively in terminating his employment. The Complaint also makes clear that no one at Tri-C, including any of the Individual Defendants,[1] received notice of or otherwise witnessed Greene act inappropriately to Plaintiff or anyone else in the four years that he was employed by Tri-C before the alleged assault. These undisputed facts demonstrate that Tri-C was not deliberately indifferent to allegations of sexual harassment within its program; they also foreclose Plaintiff's claims under Title IX and § 1983. Accordingly, dismissal of all Plaintiff's claims is warranted.

In opposing dismissal, Plaintiff focuses on allegations that predate Greene's hire date at Tri-C: Greene was charged, tried, and acquitted of allegedly sexually assaulting a student in another educational program. But Plaintiff alleges no facts to support that anyone at Tri-C knew of this conduct for which Greene was exonerated. Plaintiff also relies on the generic "allegations with students" notation that arose in Greene's pre-employment background check. But courts have held that a school's decision to hire a teacher in that context cannot give rise to liability under Title IX or § 1983. In contrast, Plaintiff does not identify any court that has denied a motion to dismiss under similar facts.

Plaintiff's state-law claims against Brown and Williams, two of Greene's fellow dance instructors, fail for similar reasons. These claims also fail because Greene's colleagues are entitled to qualified immunity. In seeking to preserve these claims, Plaintiff improperly contradicts his

---

[1] Defendants Emanuela Friscioni, Paul Cox, Charlene Brown, Phillip Williams, and Amber Smith are referred to collectively herein as the "Individual Defendants."

Complaint and, for the first time, alleges that these instructors actually "witnessed Defendant Greene's sexually abusive behavior and did nothing to stop it[.]"  (Plaintiff John Doe 1's Brief in Opposition to Defendants' Motion to Dismiss ("Doe's Opp."), Doc. #9 at 19.)  The Complaint contains no such allegation.

For these reasons, as detailed below and in their opening brief, the Court should grant the motion to dismiss Plaintiff's Complaint as to Tri-C and the Individual Defendants for failure to state a claim.

## LAW AND ARGUMENT

I.      **Plaintiff's Title IX Claim (Count I) Fails as a Matter of Law Under Both the Deliberate Indifference and Hostile Environment Theories of Liability.[2]**

   A.      **The Complaint does not plausibly allege facts to satisfy the actual notice or deliberate indifference requirements of his claim.**

For purposes of this motion, Greene sexually assaulted Doe.  Yet to state a Title IX deliberate indifference claim, the Complaint must still plausibly allege that (1) a Tri-C official with authority to take corrective action had actual notice of abuse *within its program*, and, if that element is satisfied, (2) that Tri-C's response was clearly unreasonable so as to amount to deliberate indifference.  *Wamer v. Univ. of Toledo*, 27 F.4th 461, 471 (6th Cir. 2022), *petition for cert. filed*, (U.S. Aug. 9, 2022) (No. 22-123) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290-91 (1998)).  The Complaint satisfies neither prerequisite.

---

[2] Plaintiff did not dispute that "Title IX . . . [does] not authoriz[e] suit against . . . individuals" so that his Title IX claims against Friscioni, Smith, and Cox fail as a matter of law.  (Defendants' Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint ("Defs.' Brief"), Doc. #6-1 at 4 (quoting *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009)).)

## 1.    Tri-C did not have actual knowledge of discrimination within its program until days before it terminated Greene's employment.

The Complaint fails to allege a set of facts that an appropriate Tri-C official plausibly had *actual notice* of harassment *within its program*, which is required to state a Title IX claim under the deliberate indifference theory.  A school cannot be liable under Title IX in a case of teacher-student sexual harassment based on mere "constructive notice," meaning what a school "should have known" but failed to uncover regarding the alleged harassment.  *Gebser*, 524 U.S. at 282, 285.  In addition, the requisite notice must constitute "actual knowledge of discrimination *in the [federal funding] recipient's programs*[.]"  *Id.*, at 290 (emphasis added); *see also id.* at 289 (stating that a central purpose of Title IX would be undermined if a school that was "unaware of discrimination in its programs" could be held liable under the statute).

To try to save his deliberate indifference claim, Plaintiff argues that "all of the [I]ndividual [D]efendants had actual knowledge that . . . Greene, was a long-known pedophile and sexual assailant" because he was *tried and acquitted for sexual assault* in 2002 or 2003, his indictment was reported in the local newspaper, and his nephew filed a police report against him in 2011 which did not result in any charges.  (Doe's Opp. at 1.)  But the Complaint contains no facts (much less a plausible set of facts)—only conclusory statements—that *any* of the Individual Defendants knew of these events which, at times, occurred a decade or more before Tri-C hired Greene in 2015.  (*See* Compl., Doc. #1-1, ¶¶ 16-23, 30-31.)  These allegations do not constitute "actual knowledge" to Tri-C, as required to state a claim.

The only "actual knowledge" that Tri-C received of discrimination within its program occurred more than four years after Greene was hired, in January 2020, when Tri-C learned of Greene's alleged sexual assault of Plaintiff.  And when Tri-C learned of this incident, the

Complaint avers that Tri-C responded swiftly and terminated Greene's employment. (Compl., ¶¶ 54-56.)

## 2. Tri-C cannot be liable based on its decision to hire Greene.

Plaintiff's Title IX claim cannot turn on Tri-C's decision to hire Greene. As an initial matter, Greene's pre-employment background check did not state that he was terminated from his previous teaching job due to "accusations of sexual assault/misconduct from multiple students," as Plaintiff suggests. (Doe's Opp. at 1.) Instead, the background check contained the generic statement that Greene "had allegations with students." (Compl., ¶ 29.) This cannot state a Title IX claim.

Plaintiff incorrectly argues that Defendants misled the Court in their opening brief as to the "standards that are required to state a Title IX deliberate indifference claim based on teacher-student sexual abuse or harassment." (Doe's Opp. at 8 (citing Defs.' Br. at 4).) Defendants did no such thing. There is no dispute that Tri-C had *no notice*—actual, constructive, or otherwise— of Greene's prior harassment of anyone, including Plaintiff, within its programs in the four years before the alleged sexual assault. Thus, the only notice that might support Tri-C's liability is notice as to Plaintiff's specific abuse. And the Complaint corroborates that Tri-C was not deliberately indifferent because it promptly terminated Greene upon learning of Plaintiff's allegations. (Compl., ¶¶ 54-56.)

Plaintiff tries to undercut—without success—Tri-C's response to this actual knowledge of discrimination within its program by contradicting the allegations in his Complaint. For example, the background section of Plaintiff's opposition brief states that Tri-C and Defendant Cox "specifically did NOT cite the assault on Plaintiff John Doe, but instead cited the results of the 2015 background check" as the reason for terminating Greene. (Doe's Opp. at 6 (citing Compl., ¶¶ 56-57).) But the Complaint makes clear, in the same paragraph that Plaintiff relies on in his

opposition brief, that "Tri-C terminated their employment of Defendant Terence Greene *because of Plaintiff's allegations*[.]" (Compl., ¶ 56.) Plaintiff should be bound to the content of his Complaint and these after-the-fact allegations should not be considered in ruling on Defendants' motion to dismiss. *See, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to motion to dismiss.") (internal quotation and citation omitted); *Gen. Elec. Co. v. S&S Sales Co.*, No. 1:11CV00837, 2012 WL 2921566, at *4 (N.D. Ohio July 17, 2012) (same).

Plaintiff in his opposition also ignores that courts have rejected the premise that schools face potential liability for a Title IX deliberate indifference claim based on hiring a teacher who, for example, unlike Greene, was previously found to have actually—not allegedly—sexually assaulted students. *See, e.g.*, *Doe v. Claiborne Cnty.*, 103 F.3d 495, 502-03, 512-13 (6th Cir. 1996) (re-hiring a teacher who had been found to have sexually abused children within the same school district following a state-sponsored investigation did not amount to deliberate indifference under § 1983); *Blue v. Dist. of Columbia*, 811 F.3d 14, 17, 19-20 (D.C. Cir. 2015) (affirming dismissal of Title IX and § 1983 claims because allegations that a school district failed to properly screen a teacher who had a history of sexually abusing students at other schools before hiring him did not amount to deliberate indifference); *S.W. v. Clayton Cnty. Pub. Schs.*, 185 F. Supp. 3d 1366, 1371, 1376 (N.D. Ga. 2016) (granting motion to dismiss Title IX deliberate indifference claim against a school district when its administrators knew that a teacher they hired had recently been fired from another district due to allegations of sexually abusing students).[3]

---

[3] Consistent with this case law, Cox allegedly telling Greene to "keep it professional" shortly after Tri-C hired him does not suffice to state a claim, and no one at Tri-C received any notice in the ensuing four years of any inappropriate conduct by Greene. (*See* Compl., ¶ 87.)

And no court has recognized a theory of liability under Title IX based on a school's conduct related to a pre-employment background check. *See Emily O. v. Regents of the Univ. of Cal.*, No. CV-20-08159-AB-JEM, 2021 WL 1535539, at *9 (C.D. Cal. Mar. 9, 2021) (granting a motion to dismiss a Title IX deliberate indifference claim based on the allegation that a university failed to complete a thorough pre-employment background check). With one exception, Plaintiff did not address or seek to distinguish this case law.

Plaintiff did argue that this Court should not be swayed by the Sixth Circuit's finding of a lack of deliberate indifference in *Claiborne Cnty.* because the opinion did not address the substance of the plaintiff's Title IX claim. (*See* Doe's Opp. at 10.) But Plaintiff overlooks, as Defendants cited in their opening brief, that the deliberate indifference standards under Title IX and § 1983 claims are "substantially the same." *Stiles ex rel. D.S. v. Grainger Cnty.*, 819 F.3d 834, 852 (6th Cir. 2016); *see also* Defs.' Brief at 6-7; Compl., ¶¶ 101, 117. And the Sixth Circuit has held that school administrators were not deliberately indifferent, as a matter of law, under § 1983 based on *re-hiring* a teacher that a state agency found had previously sexually assaulted students within that school district. *Claiborne Cnty.*, 103 F.3d at 502-03, 513. Thus, *even if* Tri-C could somehow be deemed to have "actual knowledge" of discrimination within its program based on hiring Greene, it cannot plausibly be deemed to have been deliberately indifferent as a matter of law.

Plaintiff identified no court that has held a victim of teacher-student abuse states a Title IX claim based on a school's decision to hire the teacher. (Doe's Opp. at 7-11.) The authority that Plaintiff relied on is easily distinguishable and does not support denying Tri-C's motion to dismiss.

In *Massey v. Akron City Bd. of Educ.*, 82 F. Supp. 2d 735, 739-742, 745 (N.D. Ohio 2000), the court held that a genuine issue of material fact existed as to whether the Akron school board had actual notice of a teacher's sexual harassment of students and was deliberately indifferent to

the harassment based on school board members or district administrators receiving at least nine complaints from at least five students regarding the teacher's conduct within *its own school district* before they removed the teacher from the high school. In *Doe v. School Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1250, 1263 (11th Cir. 2010), two other female students—not including the plaintiff—had filed complaints against the defendant teacher in the same school year in the same school district for sexual harassment and misconduct, which created a genuine issue of material fact as to whether the district was deliberately indifferent in responding to alleged discrimination. In contrast, here, Tri-C promptly terminated Greene's employment upon first learning of the alleged sexual harassment of a student within its program. (Compl., ¶¶ 54-56.)

Plaintiff's authority also reinforces the premise that while harassment of persons other than the plaintiff may constitute actual knowledge, that harassment must still occur within the defendant federal funding "*recipient's program*." *See Escue v. Northern OK Coll.*, 450 F.3d 1146, 1153 (10th Cir. 2006) (holding that if the college president or "another 'appropriate person' has actual *knowledge of discrimination in NOC's programs*, that is sufficient to satisfy the 'actual knowledge' prong of Title IX") (citing *Gebser*, 524 U.S. at 290) (emphasis added). Plaintiff's allegations of prior discrimination all concern events within another school, and Plaintiff points to no court that has allowed a Title IX claim to proceed against a different school on that basis. As noted, courts hold that such efforts fail on the pleadings as a matter of law. *See, e.g.*, *Blue*, 811 F.3d at 17, 19-20; *Clayton Cnty. Pub. Schools*, 185 F. Supp. 3d at 1371, 1376; *Regents of the Univ. of Cal.*, 2021 WL 1535539, at *9.

Plaintiff's Title IX claim thus fails to satisfy the requirement that Tri-C had actual knowledge of harassment within its program and, *even if* it can be deemed to have had such notice, that it was deliberately indifferent to such notice as a matter of law. The claim should be dismissed.

**B.** **The Complaint does not plausibly allege facts to satisfy the requirements of a hostile environment claim.**

Plaintiff gives short shrift to opposing dismissal of his Title IX hostile environment claim. (*See* Doe's Opp. at 10-11.) And the opposition confronted no argument that Tri-C made in supporting dismissal. The opposition did not acknowledge, for example, that in order to state such a claim, the Complaint must set forth facts that plausibly allege Plaintiff was discriminated against more than once and "with some frequency," rather than "from a single isolated offensive incident." *Thomas v. Meharry Med. Coll.*, 1 F. Supp. 3d 816, 825 (M.D. Tenn. 2014) (quoting *Rabidue v. Osceola Ref. Co.*, 805 F.2d 611, 620 (6th Cir. 1986), *abrogated on other grounds, Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993)). The Complaint alleges that over the five years that Plaintiff was enrolled in Tri-C's academy (from 2015 to 2019), he faced a single incident of harassment—his sexual assault by Greene. (Compl., ¶¶ 37, 41-50.) This cannot state a hostile environment claim as a matter of law. *E.g.*, *Rabidue*, 805 F.2d at 620.

Plaintiff's hostile environment claim also fails because he does not allege that he was treated any differently because he is male so that the complained-of-harassment resulted from his sex. Plaintiff's conclusory statement that, "upon information and belief," he was treated "differently from the way he would have been treated and had he been female" cannot save his claim. Compl., ¶ 90(e); *see Smith v. General Motors, LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (allegations of "information and belief" must come with an independent "factual basis for such belief" to survive a motion to dismiss). Dismissal of this claim is also warranted because the Complaint contains no facts to identify the sex of the students who were the subject of the generalized "allegations with students" against Greene at his prior employer. The Complaint thus fails to state a Title IX hostile environment claim as a matter of law.

**II.** **Plaintiff's Section 1983 Claim Against Tri-C Fails Because, Among Other Reasons, It Does Not Contain Facts that Plausibly Allege Doe's Sexual Abuse Resulted from an Official Custom or Policy Within Tri-C (Count III).**

Given that Plaintiff's Title IX claim fails due to a lack of actual knowledge, the Court need not reach the question of whether Tri-C was deliberately indifferent to dismiss that claim. *See* Defs.' Brief at 4-5; *supra* at pp. 3-4. But if the Court determines that Plaintiff's Title IX claim fails based on the deliberate indifference element, Plaintiff's § 1983 claim against Tri-C also fails as a matter of law because the deliberate indifference standards under Title IX and § 1983 are "substantially the same." *Stiles*, 819 F.3d at 852; *see also McCoy v. Bd. of Educ., Columbus City Schools*, 515 Fed. Appx. 387, 393 (6th Cir. 2013) ("The absence of deliberate indifference pursuant to a Title IX claim is fatal to a companion municipal liability claim made under § 1983.").

In any event, Plaintiff's § 1983 claim against Tri-C also fails to state a claim when evaluated independently. Plaintiff did not respond to any of Tri-C's three primary arguments for why the Complaint fails to state a *Monell* claim. (*Compare* Defs.' Brief at 10-12 *with* Doe's Opp. at 13-16.) Any of these bases, by itself, warrant dismissal of the § 1983 claim against Tri-C.

*First*, Doe ignores Tri-C's argument that the Complaint does not allege the required "clear and persistent pattern of sexual abuse by Tri-C employees" because only an isolated instance of alleged sexual abuse within Tri-C by one former employee—Greene's assault of Plaintiff—is at issue. (*See* Defs.' Brief at 10 (citing *Claiborne Cnty.*, 103 F.3d at 508; Compl., ¶¶ 41-50).)

*Second*, Plaintiff does not explain how Tri-C could allegedly have a custom or policy related to the violation of Plaintiff's constitutional right when the Complaint makes no allegations related to Tri-C's Board of Trustees, the College's official policymaking body under Ohio law. *See* R.C. § 124.14(F). Nor does the Complaint explain how Cox, Friscioni, or Smith—the individuals alleged to have been involved in hiring Greene—were delegated this "final policymaking authority," what customs or policies they enacted or fostered, or what decisions the

trio made that establish Tri-C was deliberately indifferent to sexual abuse. (*See* Defs.' Brief at 10-11; Compl., ¶¶ 113-114.)

*Third*, Plaintiff did not address or respond to Tri-C's argument or case law that holds schools cannot be liable under § 1983 based on its decision to hire a teacher previously accused of sexually abusing students, including as a result of any alleged imperfect pre-employment screening process. (*See* Defs.' Br. at 11-12 (citing and quoting cases).)

Instead, as with his Title IX claim, *see supra* at pp. 4-5, Plaintiff seeks to preserve his § 1983 claim against Tri-C by improperly altering his Complaint with this argument: Tri-C has a "clear policy, practice and custom of ignoring and violating their own policies and procedures, by failing to conduct or review background checks, and failing to conduct drug tests on their employees." (Doe's Opp. at 15 (citing Compl., ¶¶ 67-68, 77-78).) But the allegations are limited to Tri-C's singular decision to hire Greene. (*See id.*) Neither the isolated decision to hire Greene nor the single incident of alleged sexual abuse within Tri-C suffice to constitute a custom or policy sufficient to impose *Monell* liability. *See Grech v. Clayton Cnty, Ga.*, 335 F.3d 1326, 1330 n.6 (11th Cir. 2003) ("A single incident would not be so pervasive [under § 1983] as to be a custom or practice") (citing *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*[.]") (plurality opinion)). This standard—that one incident of alleged sexual abuse does not suffice to state a claim—is consistent with the requirement that, as the parties agree, the Complaint must allege "the existence of a clear and persistent pattern of sexual abuse" by Tri-C employees for Plaintiff's *Monell* claim to survive dismissal. (Doe's Opp. at 10.) The Complaint does not do so.

Plaintiff's argument that his *Monell* claim should survive dismissal based on Tri-C's alleged failure to train its employees fails for the same reason. (*See id.* at 15.) A defendant's

alleged "systematic failure to train employees amounts to a custom or policy for which the employer may be subject to § 1983 liability only if such failure amounts to deliberate indifference to the rights of persons with whom the employees come into contract." *Savoie v. Martin*, 673 F.3d 488, 494-95 (6th Cir. 2012). That said, an alleged failure to train does not rise to deliberate indifference, even at the motion to dismiss stage, unless the plaintiff alleges "prior instances of unconstitutional conduct demonstrating that the [employer] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." *Id.*, at 495 (quotation and citation omitted). The Complaint is limited to Greene's single alleged instance of sexual abuse involving Plaintiff. The Complaint thus does not identify any "prior instances of unconstitutional conduct" that Tri-C either ignored or put it "clearly on notice" that any of its employee training was lacking.

For these reasons, the Complaint fails to state a *Monell* claim and should be dismissed.

## III.  Plaintiff's Section 1983 Claims Against the Individual Defendants in Their Individual Capacities Should Also Be Dismissed (Count II).[4]

### A.  The Complaint fails to state a Section 1983 claim against any of the Individual Defendants.

Plaintiff clarified in opposing dismissal that his § 1983 claim is not based on any of the Individual Defendants' actions in response to Greene's alleged sexual assault of Doe. (Doe's Opp. at 16.) And Plaintiff also abandoned any allegation that Defendants Charlene Brown and Phillip Williams should be liable under § 1983.[5]  Instead, Plaintiff limited his claim to the purported

---

[4] Plaintiff did not dispute that the federal and state-law claims against the Individual Defendants in their official capacities are redundant of his claims against Tri-C and should be dismissed. (*Compare* Defs.' Brief at 12 (quoting and citing cases) *with* Doe's Opp. at 16-18.)

[5] The allegations that Plaintiff cites in support of his § 1983 claim all relate to Defendants Cox, Friscioni, and Smith, and make no mention of Defendants Brown or Williams. (*See* Doe's Opp. at 17 (citing Compl., ¶¶ 3-5, 29-30, 60-63, 67-69, 75-78, 82-83, 87-88, 91).)

"liability of supervisory personnel," namely Defendants Cox, Friscioni, and Smith. (*Id.* at 17.) But significantly, the Complaint contains no allegations that Brown, Williams, or Smith—a former human resources representative at Tri-C—had any supervisory role over Greene. As a result, the § 1983 claims against Brown, Williams, and Smith should be dismissed on this basis.

The claim should also be dismissed as to Cox and Friscioni. The Complaint contains no *factual allegations* to plausibly suggest that they or any of the Individual Defendants "encouraged the specific incident of misconduct [against Doe] or in some other way directly participated in it." *Claiborne Cnty.*, 103 F.3d at 511. The opposition does not argue otherwise, *see* Doe's Opp. at 16-17, and the Complaint's failure to satisfy this pleading standard precludes § 1983 liability against all of the Individual Defendants. For these reasons, and those in Defendants' opening brief (*see* Defs.' Brief at 14-16), the § 1983 claim against the Individual Defendants should be dismissed.

**B. The Individual Defendants are also entitled to qualified immunity so that the Section 1983 claim against them fails for this independent reason.**

Even if the Court finds that Plaintiff has otherwise stated a § 1983 claim against one or more of the Individual Defendants, the claim should be still be dismissed because all of the Individual Defendants are entitled to qualified immunity. In opposing dismissal on this basis, Plaintiff misstates the fundamental inquiry that applies in evaluating the defense of qualified immunity under a Rule 12(b)(6) motion to dismiss. (*See* Doe's Opp. at 17-18.)[6]

Plaintiff argues that his § 1983 claim should survive because the Sixth Circuit has recognized that a student has a constitutional right not to be sexually abused by his teacher. (*Id.* at 18 (citing *Claiborne Cnty.*, 103 F.3d at 508).) Defendants never disputed this right. (Defs.'

---

[6] Plaintiff is wrong that Defendants "ask this Court to apply a summary judgment analysis" to their motion to dismiss. (Doe's Opp. at 17.) Defendants rely on the Sixth Circuit's opinion in *Kollaritsch v. Michigan State Univ. Bd. of Trs.*, 944 F.3d 613, 626-27 (6th Cir. 2019) for the governing standard. (Defs.' Brief at 14-15.) There, the court reversed the denial of a Rule 12(b)(6) motion to dismiss § 1983 claims against a university official on the basis of qualified immunity.

Brief at 9.) But while the recognition of that constitutional right may suffice for a § 1983 claim against Greene, Plaintiff's alleged abuser and violator of that right, the same inquiry does not apply to the Individual Defendants.[7]

Instead, to avoid dismissal in response to a Rule 12(b)(6) motion, the Complaint must allege facts that "show the violation of a right so clearly established that a reasonable official would necessarily have recognized the violation." *Kollaritsch*, 944 F.3d at 626. In evaluating qualified immunity at the motion to dismiss stage, the Sixth Circuit relies on the Supreme Court's statement as to what is meant by "clearly established": "[T]he legal principle [must] clearly prohibit the offic[ial]'s conduct in the particular circumstances before him. The rule's contours must be so well defined that it is clear to a reasonable offic[ial] that *his conduct was unlawful in the situation he confronted.* This requires *a high degree of specificity*." *Id.* (quoting *Dist. of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018) (emphasis added)).

The Complaint lacks facts, let alone specific facts, that would have alerted the Individual Defendants to potential liability for their conduct. And Doe's opposition lacks any legal authority holding otherwise.[8] Even without reaching the issue of qualified immunity, individuals who hire

---

[7] It is well-settled within the Sixth Circuit that a supervisor can be liable under § 1983 only upon plausible allegations of acting with deliberate indifference, and that accusations of negligence are not enough to impose liability. *See, e.g.*, *Claiborne Cnty.*, 103 F.3d at 513; *Doe ex rel. Doe v. City of Roseville*, 296 F.3d 431, 441 (6th Cir. 2002) ("Negligence is not enough to impose section 1983 liability on a supervisor."). Plaintiff did not bring a negligence claim against any of Greene's purported supervisors. (*See* Compl., ¶¶ 134-137.)

[8] In *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 456-57 (5th Cir. 1994), a high school principal was not necessarily entitled to qualified immunity when he had received many prior complaints about the offending teacher, including from a school librarian who described witnessing "child molestation," and that the offending teacher directed his misconduct to the plaintiff student. The Complaint here does not allege facts that any of the Individual Defendants received similar notice of Greene's prior alleged harassment, including within Tri-C—because none occurred—so as to strip them of their entitlement to qualified immunity.

and supervise a teacher who was previously found to have sexually assaulted students are not individually liable under § 1983. *Claiborne Cnty.*, 103 F.3d at 502-03, 513. And Plaintiff's Complaint does not identify "with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Kollaritsch*, 944 F.3d at 626 (quotation and citation omitted). Plaintiff does not even cite the Complaint in opposing dismissal on the basis of qualified immunity. (*See* Doe's Opp. at 17-18.)

The Individual Defendants are entitled to qualified immunity. Thus, the § 1983 claim against them should be dismissed.

## IV. Charlene Brown and Phillip Williams Are Immune From Liability on Plaintiff's Claims for Violations of Ohio R.C. § 2151.421 (Count V), Negligence/Reckless Conduct (Count VI), and Intentional Infliction of Emotional Distress (Count VII).[9]

Plaintiff engages in another improper on-the-fly amendment of his Complaint to try to avoid dismissal of his state-law claims because Charlene Brown and Phillip Williams are entitled to qualified immunity on these claims.

The Complaint does not allege that Greene engaged in any improper conduct—toward Plaintiff or anyone else—in the four years that he was employed by Tri-C. The Complaint makes clear that Tri-C did not learn of Greene's alleged sexual assault of Plaintiff until three months after it occurred. (Compl., ¶¶ 54-56.) And when Tri-C learned of the alleged assault, it promptly terminated Greene. (*Id.*) Yet Plaintiff states in support of his allegation, *without citing to the Complaint*, that Defendants acted with malice, in bad faith, wantonly or recklessly because "they witnessed Defendant Greene's sexually abusive behavior and did nothing to stop it[.]" (Doe's Opp. at 19.) But the Complaint nowhere alleges that Brown or Williams witnessed any

---

[9] If the Court dismisses Plaintiff's Title IX and § 1983 claims, it can decline to exercise supplemental jurisdiction over Plaintiff's state-law claims (Counts V, VI and VII). *E.g.*, *Mallory v. Ohio Univ.*, 76 Fed.Appx. 634, 641 (6th Cir. 2003).

inappropriate conduct by Greene, including any "sexually abusive behavior." (*E.g.*, Compl., ¶¶ 127-142.) Plaintiff's improper attempt to effectively amend his Complaint in a brief opposing Defendants' motion to dismiss should again be rejected. *See, e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 202 (3d Cir. 2007).

In addition, the Complaint's conclusory allegation, devoid of facts, that "[u]pon information and belief," Brown and Williams had "individual, specific knowledge of . . . Greene's past sexual assault" fails to establish a viable claim. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (affirming that legal conclusions devoid of factual support do not suffice to state a claim) (citation omitted). Just as strikingly, the Complaint does not allege that Brown or Williams had anything to do with hiring Greene, accessing his pre-employment background check, or supervising him. Without knowledge of Greene's misconduct or any indication that he acted inappropriately during the four years that he was employed by Tri-C, Brown and Williams could <u>*not*</u> have "fail[ed] to exercise any care" in the face of "great probability that harm will result," nor could they have acted with "conscious disregard of or indifference to a known or obvious risk of harm to another." *Anderson v. Massilon*, 134 Ohio St.3d 380, 983 N.E.2d 266, 273 (2012).

Plaintiff's conclusory allegations of "wanton and reckless" conduct – "dressed up as facts" – do not defeat Brown's and Williams' entitlement to immunity. (*See* Defs.' Brief at 18 (citing cases).) Plaintiff's claims under Ohio law (Counts V, VI, and VII) should therefore be dismissed.

## V. Plaintiff's R.C. § 2151.421 Claim (Count V) Should Also Be Dismissed Against Brown and Williams For Failure to State a Claim.

Plaintiff does not dispute that the Complaint fails to allege that any individual, including Plaintiff, reported to Brown or Williams (or anyone else at Tri-C) that Greene engaged in any misconduct during his four years at Tri-C before the alleged assault of Plaintiff. (Doe's Opp. at 18-20.) Nor does the Complaint contain any other facts which would give Brown or Williams

reason to know that Doe suffered or faced a threat of abuse by Greene so as to trigger their statutory duty to report Greene to the police or a public children services agency. *See* R.C. § 2151.421(A)(1)(a).

Instead, Plaintiff falls back on his conclusory allegations that Brown and Williams each had "knowledge of Defendant Greene's history of sexually abusing children" so that they had a duty to report that Greene's students "face[d] a threat" of abuse and, by not doing so, they violated the statute. (Doe's Opp. at 19.) But as with Plaintiff's other claims, this conclusory allegation, including one based on "upon information and belief" that Brown and Williams had "individual, specific knowledge" of Greene's previous alleged sexual assaults of minor children, does not suffice to state a claim. *See Smith v. General Motors LLC*, 988 F.3d 873, 885 (6th Cir. 2021) (allegations of "information and belief" must come with an independent "factual basis for such belief" to survive a motion to dismiss).

Further, under Plaintiff's interpretation of the statute, any person who works with someone who was previously *accused* of sexual misconduct, even without witnessing any signs of misconduct, would have a "nondelegable duty" to report their colleague or, at a minimum, be subject to discovery in litigation. The Court should not indulge Plaintiff's unsupported expansive application of the statute. His claim for a violation of R.C. § 2151.421 should therefore be dismissed as to Brown and Williams.

## VI. Plaintiff Did Not Specifically Defend the Merit of His Negligence Claim (Count VI), Which Should Also be Dismissed for Failure to State a Claim.

Plaintiff's opposition brief did not specifically address his negligence claim. Instead, the opposition referred to reckless conduct in arguing that Brown and Williams are not entitled to qualified immunity. (Doe's Opp. at 19.) For the reasons set forth above, *see supra* § IV, and in

Defendants' opening brief (Defs.' Brief at 18-19), the negligence claim should be dismissed as to Brown and Williams for failure to state a claim.

**VII.** **Plaintiff's IIED Claim (Count VII) Should Also Be Dismissed Against Brown and Williams for Failure to State a Claim.**

Plaintiff cites no legal authority for why his claim for intentional infliction of emotional distress ("IIED") should survive dismissal. Instead, the opposition brief merely recites the elements of an IIED claim, facts relating to Greene's alleged sexual assault of Plaintiff, and then tries to pass Greene's actions off onto Brown and Williams. (Pl.'s Brief at 20.) As former colleagues of Greene, Brown and Williams did not "subject[] a[] minor child to sexual assault by an adult teacher" as Plaintiff argues. (*Id.*) And the Complaint contains no facts to support such an allegation. Nor does Plaintiff explain why his claim should survive dismissal when this Court granted a motion to dismiss an IIED claim brought by victims of teacher-on-student sexual assault against school employees because of allegedly failing to prevent the assaults. *See Doe I v. Cleveland Metro. Sch. Dist. Bd. of Ed.*, 533 F. Supp. 3d 567, 576 (N.D. Ohio 2021); *see also* Defs.' Br. at 19-20. Plaintiff's IIED claim against Brown and Williams fails as a matter of law and should be dismissed.

<u>**CONCLUSION**</u>

For the foregoing reasons, and those in their opening brief, Tri-C and the Individual Defendants renew their request under Civil Rule 12(b)(6) that this Court dismiss Plaintiff's Complaint as to them in its entirety.

Dated: November 30, 2022

/s/ Ronald D. Holman, II
Ronald D. Holman, II (0036776)
Cary M. Snyder (0096517)
Riya A. Kurian (0098947)
**TAFT STETTINIUS & HOLLISTER LLP**
200 Public Square, Suite 3500
Cleveland, OH 44114-2302
Phone: (216) 241-2838
rholman@taftlaw.com
csnyder@taftlaw.com
rkurian@taftlaw.com

*Counsel for Defendants Cuyahoga Community
College, Emanuela Friscioni, Amber Smith, Paul
Cox, Charlene Brown, and Phillip Williams*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this case has not been assigned to a track, and that this memorandum adheres to the 20-page limit set forth in Local Rule 7.1.

*/s/ Ronald D. Holman, II*
Ronald D. Holman, II

*Counsel for Defendants Cuyahoga Community College, Emanuela Friscioni, Amber Smith, Paul Cox, Charlene Brown, and Phillip Williams*

## <u>CERTIFICATE OF SERVICE</u>

A copy of the foregoing Defendants' Motion to Dismiss Plaintiff's Complaint has been

served on this 30th day of November 2022, upon the following, as noted:

Ryan H. Fisher
Meghan Connolly
Kyle B. Melling
Lowe Scott Fisher Co., LPA
1660 West Second Street
610 Skylight Office Tower
Cleveland, OH 44113-1454
rfisher@lsflaw.com
mconnolly@lsflaw.com
kmelling@lsflaw.com
(via the Court's CM/ECF system)

*Counsel for Plaintiff-Appellee John Doe 1*

Terence Greene
12405 York Blvd.
Garfield Heights, OH 44125
(via first class U.S. mail)

*Defendant*

*/s/ Ronald D. Holman, II*
Ronald D. Holman, II

*One of the Attorneys for Defendants
Cuyahoga Community College, Emanuela
Friscioni, Amber Smith, Paul Cox, Charlene
Brown, and Phillip Williams*